**UNITED STATES of America,**
**Appellee,**

**v.**

**Jhon Jairo ARCE, Defendant–**
**Appellant.**

**No. 06–2089–cr.**

United States Court of Appeals,
Second Circuit.

April 29, 2008.

William Adams, Benjamin E. Metz, San-
ford I. Weisburst, Quinn Emanuel Urqu-
hart Oliver & Hedges, LLP, New York,
NY, for Appellant.

Andrea Goldbarg, Emily Berger, Steven
L. D'Alessandro, Assistant United States
Attorneys, Roslynn R. Mauskopf, United
States Attorney for the Eastern District of
New York, New York, NY, for Appellee.

PRESENT: Hon. ROBERT D. SACK
and Hon. B.D. PARKER, Circuit Judges,
and Hon. MIRIAM GOLDMAN
CEDARBAUM,* District Judge.

### SUMMARY ORDER

Jhon Jairo Arce appeals from a judg-
ment of the district court sentencing him
principally to the mandatory minimum of

---

\* The Honorable Miriam Goldman Cedarbaum
of the United States District Court for the

Southern District of New York, sitting by des-
ignation.

120 months' imprisonment for conspiracy to distribute, and possess with intent to distribute, five kilograms or more of cocaine in violation of 21 U.S.C. § 846, and for possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841. We assume the parties' and counsel's familiarity with the underlying facts and procedural history of this case, and with the issues raised on appeal.

A district court may grant safety-valve relief and depart below a mandatory minimum sentence pursuant to 18 U.S.C. § 3553(f) if, among other things, the defendant has "truthfully provided to the Government all information and evidence" regarding his offenses. 18 U.S.C. § 3553(f)(5). On appeal, Arce argues that the district court improperly denied safety-valve relief based on its finding that Arce had been untruthful regarding his initial involvement with the drug distribution conspiracy.

■ In order to satisfy the requirements of section 3553(f)(5), "the defendant must prove to the sentencing court, by a preponderance of the evidence, that he has provided the requisite truthful information to the government." *United States v. Jimenez*, 451 F.3d 97, 102 (2d Cir.2006). Whether or not the district court erred as a matter of law in failing to adopt a burden-shifting approach of the sort advocated by Arce, the district court did not clearly err in concluding that Arce had ultimately failed establish his eligibility for safety-valve relief. Contrary to Arce's suggestions, the district court's conclusion was not based solely on unsupported speculation. Rather, the district court disbelieved Arce's statements in light of the nature of the information that Arce possessed and the roles he was permitted to play within the conspiracy. It was well within the district court's discretion to find

Arce's account incredible in light of inconsistencies pointed out by the government.

■ Arce's explanation of why he became involved with the conspiracy is not, as he argues, an irrelevant matter that has no bearing on his eligibility for safety-valve relief. The statements in question relate directly to the charged offense. In *United States v. Gambino*, 106 F.3d 1105 (2d Cir.1997), we observed that § 3553(f)(5) requires a defendant to "disclose information beyond the conspiracy period alleged in the indictment [and] disclose information regarding conduct, including the related acts of others, occurring in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." *Id.* at 1111 (internal quotation marks omitted). To the extent Arce was dishonest about threats made by the drug cartel in Colombia, such dishonesty is well within the scope of "related acts of others" and even the avoidance of "responsibility for that offense." The district court therefore did not err in denying Arce's request for safety-valve relief based on its finding that Arce was untruthful in this regard.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.